JS-6

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
JONATHAN B. KLINCK
Assistant United States Attorney
California Bar No. 119926
TIM LASKE
Assistant United States Attorney
California Bar No. 223395
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8561
    Facsimile: (213) 894-7819
    Email: jon.klinck@usdoj.gov

Attorneys for Plaintiff United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BERRY ENGINEERING GENERAL CONTRACTORS, INC., a California corporation; and MENDEZ CONCRETE, INC., a California corporation,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTION | NO. CV 09-1250 GAF (Ex)<br><br>ORDER ON<br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF ALL CLAIMS**<br><br><br>The Honorable Gary A. Feess |

///
///
///
///
///

## I.   PARTIES

This agreement ("Settlement Agreement") is entered into by plaintiff the United States of America, acting through the United States Attorney's Office for the Central District of California on behalf of the United States Department of Agriculture, Forest Service (collectively the "United States"), on the one hand, and on the other hand defendants Berry General Engineering Contractors, Inc. ("Berry") and Mendez Concrete, Inc. ("Mendez"), which are both California corporations, and the principals of Berry, Danny L. Berry, Joanna Berry and Robert Sainsbury, and the principals of Mendez, Manuel Mendez, Margaret Mendez and Jack Mendez. The individuals and entities described in this paragraph are collectively referred to as the "Parties."

## II.   PREAMBLE

1. This civil action arises under federal and California law, including California Health and Safety Code §§ 13007-13009.1, California Pub. Res. Code § 4435, California Civil Code § 1714(a), and 31 U.S.C. §§ 3711 and 3717, for monetary damages incurred by the United States in connection with the Piru Fire.

2. The United States alleged that the Piru Fire ignited as a result of the negligence of Berry and Mendez, and that of their agents, who were performing construction work on the Juan Fernandez Boat Launching Facility Project ("Launching Facility") for the United Water Conservation District within the Lake Piru Recreation Area. Berry was the general contractor hired to build the Launching Facility and Mendez was its subcontractor. Employees of Berry and Mendez were present at the job site on October 23, 2003, installing a corrugated steel drainage/culvert pipe located near dry brush when the fire began.

3. The United States alleged that Mendez employees used a gasoline powered radial saw to cut a bolt off a drainage conduit. Sparks from the saw went into the dry brush, which started the Piru Fire. Although the Berry and Mendez employees attempted to extinguish the fire, they were unable to do so. The fire

expanded to the Los Padres National Forest. The Forest Service learned of the Piru Fire, and suppressed it, and later provided burn area emergency rehabilitation. The Piru Fire injured or destroyed 32,534 acres of National Forest System lands as well as other property of the United States. The United States alleged that as a proximate result of the Piru Fire, the United States incurred suppression costs, burn area emergency rehabilitation costs and resource damages.

4. The United States filed its complaint in the above entitled action ("Complaint") alleging five causes of action against Berry and Mendez. Berry and Mendez answered, denying liability and alleging that United States was negligent in the way it fought the Piru Fire. Berry filed a cross-complaint against Mendez ("Cross-complaint"), which Mendez answered denying liability.

**NOW, THEREFORE,** in consideration of the mutual promises, covenants, conditions, terms and obligations set forth in this Settlement Agreement, the Parties agree to settle this matter as follows:

### III. TERMS AND CONDITIONS

1. The Parties deny liability as to each other. They agree that this Settlement Agreement is not an admission of liability or fault on the part of any party, or their agents, servants, or employees. This Settlement Agreement is entered into by all Parties for the purpose of compromising disputed claims arising under or related to the Complaint, the Cross-Complaint and the Piru Fire, and avoiding the expenses and risks of litigation.

2. Berry shall cause its insurers Admiral and RSUI to pay on its behalf to the United States $5 million and Mendez will cause its insurer RSUI to pay on its behalf to the United States $427,443, which sums (collectively the "Settlement Amount") shall be in full settlement and satisfaction of any and all of the United States' claims, demands, rights, and causes of action, arising from or relating to the Complaint and the Piru Fire, and also as to Berry, Danny L. Berry and Joanna Berry, claims arising from or relating to 31 U.S.C. § 3713 and 28 U.S.C. §3304.

3

All Parties will bear their own attorneys' fees and costs, and no party is obliged to pay the attorneys' fees and costs of any other party.

3. The Settlement Amount shall be paid within fourteen (14) days of the execution of this Settlement Agreement, and will be made by electronic funds transfer pursuant to the written instructions to be provided by the United States Attorney's Office for the Central District of California. Within ten (10) after receipt of the Settlement Amount the parties will circulate, sign and file a stipulation dismissing the Complaint with prejudice and dismissing the Cross-complaint with prejudice, and will present a proposed Order to the Court to effect the dismissals with prejudice.

4. The United States releases Berry and Mendez, and the officers, directors, employees and insurers of Berry and Mendez, Danny L. Berry, Joanna Berry, Robert Sainsbury, Manuel Mendez, Margaret Mendez and Jack Mendez from all claims arising from or related to the Complaint and the Piru Fire, and also as to Berry, Danny L. Berry and Joanna Berry, all claims arising from or relating to 31 U.S.C. § 3713 and 28 U.S.C. §3304.

5. Berry and Mendez, Danny L. Berry, Joanna Berry, Robert Sainsbury, Manuel Mendez, Margaret Mendez and Jack Mendez release the United States from any claims related to the Complaint and the Piru Fire.

6. Berry and Mendez release each other from all claims of any kind, whether known or unknown, including without limitation those claims arising from or related to the Cross-complaint and the Piru Fire.

7. The Parties agree that this Agreement, and any additional agreements relating thereto, may be made public in their entirety and filed with the Court.

8. This Settlement Agreement may be executed in several counterparts. All such counterparts shall be deemed to be one document. Facsimiles of signatures, if transmitted by counsel for the signatory to counsel for other Parties, shall be binding on the signatory.

4

9.    Each of the Parties warrants that they have been represented by counsel with regard to this Settlement Agreement, that it contains the entire agreement between the Parties, and is intended to be and is the final and sole integrated agreement among the Parties. The Parties agree that any other prior or contemporaneous representations or understandings, not explicitly contained in this Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Settlement Agreement must be in writing and signed by the Parties. This Settlement Agreement was negotiated by the Parties and the words hereof shall be construed as a whole so as to give effect to their fair meaning and not for or against any party based on their role in the preparation of this Settlement Agreement.

10.    This Settlement Agreement is intended to be for the sole benefit of the Parties. The Parties do not release any claims against any person or entity not expressly released herein. It is understood by the Parties and agreed that this agreement extends to all claims of every nature and kind whatsoever, known or unknown, suspected or unsuspected, regarding or arising out of the Complaint and the Piru Fire, and as to Berry, Danny L. Berry and Joanna Berry, all claims arising from or relating to 31 U.S.C. § 3713 and 28 U.S.C. §3304, and as to Berry and Mendez, all claims arising out of or relating to the Cross-complaint. As to the claims released as set forth in paragraphs 4, 5 and 6 above, the parties agree to waive all rights under section 1542 of the California <u>Civil Code</u>, which states:

> Section 1542. General Release; extent
>
> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

///

///

1        11.    Each individual signing this Settlement Agreement on behalf of Berry and Mendez represents that they have the power, consent, and authorization to execute the Settlement Agreement.

      12.    The individual(s) signing on behalf of the United States represent(s) that they are signing this Settlement Agreement in their official capacities and that they are authorized to execute it.

      13.    The Parties represent that they have not transferred anything being released under this Settlement Agreement, and are not aware of any prohibition of any type that would prevent their performance of the terms hereof.

      14.    Berry and Mendez warrant that, in evaluating whether to execute this Settlement Agreement, they have intended that the mutual promises, covenants and obligations set forth herein constitute a contemporaneous exchange for new value, within the meaning of 11 U.S.C. § 547(c)(1) and (2), and conclude that these mutual promises, covenants and obligations do, in fact, constitute such a contemporaneous exchange. Further, Berry and Mendez warrant that the mutual promises, covenants and obligations set forth herein are intended and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay or defraud any entity to which Berry and Mendez were or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

///
///
///
///
///
///
///
///

15. This Settlement Agreement is governed by the laws of the United States, and exclusive jurisdiction and venue to enforce its terms shall lie in the United States District Court for the Central District of California.

DATED: September 22, 2010

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
JONATHAN B. KLINCK
Assistant United States Attorney

Attorneys for Plaintiff

DATED: September 21, 2010

PRINDLE AMARO, GOETZ, HILLYARD & REINHOLTZ, LLP

_____
JACK REINHOLTZ
Nicholas Paulos
Attorneys for Berry

DATED: September ___, 2010

BROWN, BROWN & KLASS

_____
WILLIAM E. KEITEL

Attorneys for Mendez, Manuel Mendez, Margaret Mendez and Jack Mendez

DATED: September ___, 2010

LAW OFFICES OF NORMAN DOWLER, LLP

_____
RICHARD M. NORMAN

Attorneys for Danny L. Berry, Joanna Berry and Robert Sainsbury

7

15. This Settlement Agreement is governed by the laws of the United States, and exclusive jurisdiction and venue to enforce its terms shall lie in the United States District Court for the Central District of California.

DATED: September ___, 2010

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
JONATHAN B. KLINCK
Assistant United States Attorney

Attorneys for Plaintiff

DATED: September ___, 2010

PRINDLE AMARO, GOETZ HILLYARD & REINHOLTZ LLP

_____
JACK REINHOLTZ

Attorneys for Berry

DATED: September 21, 2010

BROWN, BROWN & KLASS

*/s/ William E. Keitel*
_____
WILLIAM E. KEITEL

Attorneys for Mendez, Manuel Mendez, Margaret Mendez and Jack Mendez

DATED: September ___, 2010

LAW OFFICES OF NORMAN DOWLER, LLP

_____
RICHARD M. NORMAN

Attorneys for Danny L. Berry, Joanna Berry and Robert Sainsbury

7

15. This Settlement Agreement is governed by the laws of the United States, and exclusive jurisdiction and venue to enforce its terms shall lie in the United States District Court for the Central District of California.

DATED: September ___, 2010

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
JONATHAN B. KLINCK
Assistant United States Attorney

Attorneys for Plaintiff

DATED: September ___, 2010

PRINDLE AMARO, GOETZ HILLYARD & REINHOLTZ LLP

_____
JACK REINHOLTZ

Attorneys for Berry

DATED: September ___, 2010

BROWN, BROWN & KLASS

_____
WILLIAM E. KEITEL

Attorneys for Mendez, Manuel Mendez, Margaret Mendez and Jack Mendez

DATED: September 21, 2010

LAW OFFICES OF NORMAN DOWLER, LLP

*/s/ Richard M. Norman*
RICHARD M. NORMAN

Attorneys for Danny L. Berry, Joanna Berry and Robert Sainsbury

7

**IT IS SO ORDERED.**

DATED: September 27, 2010

_____
UNITED STATES DISTRICT JUDGE